IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Keith Kasyjanski, | ) | |
| | ) | Civil Action No.: 0:21-cv-03916-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Fairfield County Sheriff's Department, | ) | |
| Sheriff Will Montgomery; Lieutenants Eric | ) | |
| White, Mike Audrey; Officers Bryant | ) | |
| Goodwin, Al McCoy, Terrie Smith, Steve | ) | |
| McDonald, Everett Erentst, and Rally | ) | |
| Maxwell | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on January 3, 2022. (ECF No. 9.) The Report recommends that the court dismiss this case. (*Id*. at 1.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9) and **DISMISSES** the matter in its entirety. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 15) is therefore **MOOT**.

    The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id*. at 1-2.) As brief background, Plaintiff alleges that Officer Bryant Goodwin violated his constitutional "right to travel" when he stopped Plaintiff for driving with a broken taillight. (*Id*. at 1.) Though Plaintiff attempted to drive off, he was subsequently arrested. (ECF No. 1-1 at 12 (Police Report of Plaintiff's arrest).) A search of his vehicle revealed a firearm concealed under the driver seat, which Plaintiff was prohibited from possessing due to

1

his prior felony convictions. (*Id*.) Plaintiff was charged with possession of a pistol by a person convicted of a crime of violence, unlawful carrying of a pistol, and driving under suspension in violation of South Carolina law. (ECF No. 1-1 at 2-6.)

The Magistrate Judge ordered Plaintiff to bring his case into proper form and submit the required filing fee or a motion to proceed *in forma pauperis* by December 28, 2021, warning him that failure to comply could result in the dismissal of his case. (ECF No. 5 at 1.) The Magistrate Judge also analyzed Plaintiff's Complaint and found that the threadbare factual allegations therein could not support "an alleged constitutional violation." (ECF No. 6 at 5.) Plaintiff was given permission to file an amended complaint by December 28, 2021, and informed again that failure to cure these deficiencies would result in a recommendation to this court that his case be dismissed. (*Id*. at 6.) To date, Plaintiff has not filed an amended complaint. Plaintiff did file a motion for leave to proceed *in forma pauperis* on January 31, 2022, (ECF No. 15), alleging that due to the closure of the Fairfield County Public Library from January 20 – February 7, 2022, he could not work on his case. (ECF No. 20 at 1-2.)

The Magistrate Judge concluded that the Complaint does not contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face," falling short of the pleading standard established after *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (*Id*. at 5.) Accordingly, the Magistrate Judge recommended Plaintiff's Complaint be dismissed in its entirety. (*Id*. at 6.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains

with the court.  *Id.* at 271.  As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made.  *See* 28 U.S.C. § 636(b)(1).  *See also* Fed. R. Civ. P. 72(b)(3).  In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  *See also Hardin v. United States*, No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012).  Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief."  *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).  Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate."  *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, Plaintiff has not objected to the Report and the court discerns no clear error on the face of the record.  The court has carefully examined the findings of the Report and concludes the Complaint must be dismissed.  Plaintiff did not file an amended complaint and has not

clarified any facts underpinning his constitutional claims. To the extent Plaintiff claims that his arrest for driving on a suspended license and illicit firearm possession amounts to a constitutional violation, the court notes that the Supreme Court of the United States has recognized that states may use their constitutionally protected police power to regulate motor vehicle operation and travel on their highways:

> In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles,-those moving in interstate commerce as well as others. And to this end it may require the registration of such vehicles and the licensing of their drivers, charging therefor reasonable fees graduated according to the horse-power of the engines,-a practical measure of size, speed, and difficulty of control. *This is but an exercise of the police power uniformly recognized as belonging to the states and essential to the preservation of the health, safety, and comfort of their citizens; and it does not constitute a direct and material burden on interstate commerce.*

*Hendrick v. State of Maryland*, 235 U.S. 610, 622 (1915) (emphasis added). The Court also concluded that such regulations do not "interfere with the rights of citizens of the United States to pass through the state." *Id*. Other courts have affirmed that there is no "fundamental right to drive a motor vehicle," and that the enforcement of driver's license regulations does not "unconstitutionally impede [the] right to interstate travel." *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999). Finally, circuit courts have uniformly concluded that laws prohibiting firearm possession by convicted felons do not violate the Second Amendment. *See, e.g., United States v. Moore*, 666 F.3d 313, 316 (4th Cir. 2012) (discussing cases from various circuits and concluding that the Second Amendment does not invalidate the federal felon in possession of a firearm statute, 28 U.S.C. § 922(g)(1)). Plaintiff's claims for relief, as expressed in the Complaint, lack both a factual and legal basis. Thus, after a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9) and

**DISMISSES** the matter in its entirety.  Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 15) is therefore **MOOT**.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 22, 2022
Columbia, South Carolina

5